**Abbas KHAN, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 05–60353

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 8, 2006.

Frank Guerra, George R. Willy, Sugar Land, TX, for Petitioner.

---

Donald Anthony Couvillon, Thomas Ward Hussey, Director, U.S. Department of Justice, Office of Immigration Litigation, John Clifford Cunningham, U.S. Department of Justice, Civil Division Immigration Litigation, Hipolito Acosta, Houston, TX, U.S. Immigration & Naturalization Service District, Directors Office, New Orleans, LA, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM: *

Abbas Khan seeks a petition for review of the Board of Immigration Appeals' (BIA) February 8, 2005, order dismissing his appeal from the Immigration Judge's decision finding him removable and denying a continuance pending the adjudication of his labor certification application as well as the BIA's March 31, 2005, order denying his motion to reconsider. Because the petition for review is timely only as to the March 31, 2005, order, we have jurisdiction over that order only. *See Stone v. INS*, 514 U.S. 386, 394, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Karimian–Kaklaki v. INS*, 997 F.2d 108, 111 (5th Cir.1993); 8 U.S.C. § 1252(a)(1), (b)(1).

Khan has not demonstrated any abuse of discretion on the BIA's part in connection with the denial of his motion to reconsider. *See Lara v. Trominski*, 216 F.3d 487, 496

---

(5th Cir.2000); *see also Matter of Cerna,* 20 I. & N. Dec. 399, 402, 1991 WL 353528 (BIA 1991). His argument that the motion automatically tolled his voluntary-departure period is without merit, as is his contention that the instant petition for review tolled his voluntary-departure date. *See Banda–Ortiz v. Gonzales,* 445 F.3d 387, 389–91 (5th Cir.2006). The petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.